IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ELLIOTT GRAISER** | ) CASE NO. |
| Plaintiff, | ) <br> ) JUDGE |
| v. | ) <br> ) |
| **VISIONWORKS OF AMERICA, INC.** | ) NOTICE OF REMOVAL |
| Defendant. | ) <br> ) |

Notice is hereby served: Pursuant to 28 U.S.C. §1332(d)(1), §1332(d)(2), and §1446(b)(3), Defendant Visionworks of America, Inc. ("Visionworks") removes the above-captioned action to the United States District Court for the Northern District of Ohio, Eastern Division. Visionworks state the following grounds in support of removal to the United States District Court:

1. Plaintiff Elliott Graiser ("Plaintiff") commenced a civil action against Visionworks in the Cuyahoga County Court of Common Pleas, Case No. CV-14-828880 on June 24, 2014. In his Complaint, Plaintiff assessed causes of action for injunctive relief only under Ohio Revised Code 1345.09(D). Plaintiff also captioned his Complaint as a putative class action pursuant to Ohio Civ.R. 23.

2. Under 28 U.S.C. §§1332(a)(1), this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Plaintiff is a citizen of the State of Ohio, residing at 3626 Bendemeer Road, Cleveland, Ohio 44118.

13995537.1

4. Visionworks is a citizen of the State of Texas, under 28 U.S.C. §1332(c)(1). Visionworks is a corporation with its principal place of business located at 175 E. Houston Street, San Antonio, Texas, 78205.

5. Plaintiff and Visionworks are "citizens of different states" within the meaning of 28 U.S.C. §1332(c)(1).

6. Visionworks was served with the Complaint of June 26, 2014.

7. On July 25, 2014, Visionworks timely filed its Notice of Removal within 30 days of receipt of the Complaint, as required by 28 U.S.C. §1332(c)(1).

8. Thereafter, Visionworks promptly gave written notice of the removal to all parties and filed notice in the Cuyahoga County Court of Common Pleas, as required under 28 U.S.C. §1446(d).

9. On January 20, 2015, the United States District Court removed this action to the Cuyahoga County Court of Common Pleas when it granted Plaintiff's Motion to Remand.

10. On February 23, 2015, Visionworks filed its Motion for Judgment on the Pleadings.

11. On April 9, 2015, after briefing by the parties, the Cuyahoga County Court of Common Pleas "conditionally granted" Visionworks' motion, but gave Plaintiff 14 days in which to file an Amended Complaint.

12. On April 23, 2015, Plaintiff filed his First Amended Complaint. In his Amended Complaint, Plaintiff abandoned the injunctive relief legal theory that he embraced in the Complaint and sought monetary damages for Visionworks' alleged

unlawful pricing and marketing strategies in Ohio. Visionworks vigorously maintains that it has acted lawfully and fairly at all relevant times.

13. On May 21, 2015, Visionworks filed its Motion to Dismiss Plaintiff's First Amended Complaint.

14. On June 9, 2015, after briefing by the parties, the Cuyahoga County Court of Common Pleas granted and denied in part Visionworks' motion. Specifically, the Court denied the Motion as to Plaintiff's first claim for relief (asserting violation of Ohio's Consumer Sales Practice Act) and granted the Motion as to Plaintiff's second claim for relief (asserting negligent misrepresentation).

15. On June 30, 2015, Visionworks filed its Answer to Plaintiff's First Amended Complaint.

16. It is Visionworks' position that neither Plaintiff nor any of the class members have suffered any actual damages in this case. On September 18, 2015, however, Plaintiff's counsel sent Visionworks' counsel a letter stating both his "theory of liability" and "theory of damages." Specifically, Plaintiff maintained that Visionworks customers who completed a BOGO transaction were entitled to recover damages equal to 40% of their transaction price and customers who completed a 40% off transaction were entitled to recover damages equal to 100% of their transaction price.

17. Under Plaintiff's theory, the number of class members has continued to increase and will continue to increase throughout this litigation. Further, under

Plaintiff's theory, the aggregate amount in controversy in this case has also continued to increase and will continue to do so

18. In preparation for an October 29, 2015 mediation, Visionworks determined its sales figures for the proposed class members through October 15, 2015. Applying Plaintiff's damages theory to those sales figures results in Plaintiff claiming a recovery of just over $5 million.

19. Under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d), this Court has subject-matter jurisdiction over a class action in which the amount in controversy exceeds $5 million, the proposed class consists of more than 100 members, and there is minimal diversity.  In addition, a plaintiff who seeks to represent a class may not avoid federal jurisdiction by stipulating that the amount in controversy does not exceed $5 million.  *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).

20. Under 28 U.S.C. §1446(b)(3), a case that is not immediately removable may be removed by filing a notice of removal within 30 days of the defendant's receipt of a paper from which it may be ascertained that the case has become removable. Under 28 U.S.C. §1453(b), the one-year limit on filing such a notice of removal in diversity cases does not apply to class actions.

21. Visionworks was able to first ascertain that this case became removable after the receipt of the October 15, 2015 sales figures.

22. Because this Notice of Removal is filed within 30 days of October 15, 2015, it is timely made pursuant to 28 U.S.C. §1332(d)(1), §1332(d)(2), and §1446(b)(3).

23. Promptly after filing the Notice of Removal, Visionworks will give written notice of the removal to all parties and will file a notice in the Cuyahoga County Court of Common Pleas.

24. Visionworks has attached hereto a copy of all process, pleadings, and orders served upon it in the Cuyahoga County Court of Common Pleas.

Respectfully submitted,

/s/ *Ronald D. Holman, II*
Ronald D. Holman, II (0036776)
David H. Wallace (0037210)
Michael J. Zbiegien, Jr. (0078352)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH  44114-2302
Telephone:  216-241-2838
Facsimile:  216-241-3707
rholman@taftlaw.com
dwallace@taftlaw.com
mzbiegien@taftlaw.com

Attorneys for Defendant
Visionworks of America, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by U.S. Mail on November 10, 2015 on the following:

| | |
|---|---|
| Drew Legando<br>Tom Merriman<br>Jack Landskroner<br>Landskroner Grieco Merriman LLC<br>1360 West Ninth Street, Suite 200<br>Cleveland, Ohio 44107 | Mark Schlachet<br>3515 Severn Road<br>Cleveland, OH 44118 |

                                                  */s/ Ronald D. Holman, II*
                                                  Ronald D. Holman, II (0036776)