UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ELLIOTT GRAISER, : CASE NO. 1:15-CV-02306
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 2]
VISIONWORKS OF AMERICA, INC. :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Elliott Graiser, representing a putative class of customers who purchased "Buy One Get One Free" glasses, sues Defendant Visionworks of America for violating Ohio's Consumer Sale Practice Act. The case has been pending before the Cuyahoga County Court of Common Pleas since June 2014.[1/] Defendant has now removed the case to federal court, citing jurisdiction under the Class Action Fairness Act.[2/] Defendant seeks emergency relief from the state court's previous order approving a letter to be sent to 50,000 potential class members.[3/] Plaintiff opposes.[4/] For the following reasons Defendant's motion for emergency relief is **DENIED**.

**I**.

      The parties have been actively litigating the case in the Cuyahoga County Court of Common Pleas. A particular source of contention has been Plaintiff's request to send a letter to potential class members. On August 7, 2015, Plaintiff moved to compel Defendant to produce a list of potential

---

[1/] In July 2014, Defendant removed the case to this Court under diversity jurisdiction. In January, 2015, this Court remanded the case back to the Cuyahoga County Court of Common Pleas due to Plaintiff's lack of Article III standing. *Graiser v. Visionworks of America*, No. 1:14-cv-01641, Doc. 32 (N.D. OH. January 20, 2015).
[2/] Doc. 1.
[3/] Doc. 2.
[4/] Doc. 5.

Case No. 1:15-CV-02306
Gwin, J.

class members and requested permission from the court to contact members of the class.[5] On August 25, 2015, the state court ordered Defendant to produce the list.[6] The state court permitted Plaintiff to contact individuals on the list, subject to two conditions: approval of a protective order covering the contact information, and court-approval of the letter.[7] On September 9, 2015, the state court approved a jointly filed protective order which covered the contact list.[8] On September 14, 2015, the state court approved Plaintiff's proposed letter.[9] On October 30, 2015, Defendant disclosed the requested customer list, totaling 50,000 potential letter recipients.[10]

On November 10, 2015, Defendant Visionworks removed the case to federal court, stating that it had recently become aware that Plaintiff's suit concerned more than $5 million in damages.[11] As a result, Defendant argues, there is federal jurisdiction pursuant to the Class Action Fairness Act.[12]

Defendant now moves this Court for emergency relief from the state court's previous approval of the letter.[13] In particular, Defendant argues that Plaintiff sought the information to develop support for its motion for class certification.[14] Plaintiff filed for class certification on November 6, 2015, without the benefit of having sent out the letter.[15] Defendant maintains that

---

[5] Docket 14-828880, Cuyahoga Court of Common Pleas, August 7, 2015. Defendant filed its opposition on August 14, 2015.
[6] Docket 14-828880, Cuyahoga Court of Common Pleas, August 25, 2015.
[7] *Id.*
[8] Docket 14-828880, Cuyahoga Court of Common Pleas, September 9, 2015
[9] Docket 14-828880, Cuyahoga Court of Common Pleas, September 14, 2015.
[10] Doc. 1 at 2.
[11] *Id.* at 3-4.
[12] *Id.*
[13] Doc. 2.
[14] *Id.* at 1-2.
[15] *Id.* at 2.

Case No. 1:15-CV-02306
Gwin, J.

Plaintiff's reasoning was thus pretextual, and that the letter is merely an attempt to "harass Visionworks and its customers through an extensive mailing that tarnishes Visionworks' reputation."[16]

Plaintiff opposes.[17] Plaintiff states that it had never sought approval of the letter solely for the purpose of class certification. Rather, Plaintiff had also sought approval to gather evidence to oppose Defendant's motion for summary judgment, to supplement its arguments for class certification at the hearing on the motion, and to gather evidence for trial.

## II.

Defendant's motion for relief fails. Plaintiff correctly points out that is had sought to send out the letter for a range of reasons, not just in anticipation of its initial motion for class certification. More importantly, the issue has been squarely and thoroughly addressed by the state court. "When an action is removed from a state court to a federal court, the law of the case doctrine applies to the decisions entered by the state court prior to removal."[18] There is no cause to revisit the state court's decision.

Defendant's motion for emergency relief is **DENIED**.

IT IS SO ORDERED

Dated: November 13, 2015           s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 3.
[17] Doc. 5.
[18] *McClusky v. Lake Hosp. Sys., Inc.*, 14-cv-519, 2015 WL 893360 (N.D. OH. March 3, 2015) (quoting 18 Moore's Federal Practice § 134.22 [3][c][i] (3d ed. 1999)).