UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ELLIOT GRAISER,   :   CASE NO. 1:15-CV-02306
:
      Plaintiff,   :
:
vs.   :   OPINION & ORDER
:   [Resolving Doc. Nos. 6, 7]
VISIONWORKS OF AMERICA, INC.   :
:
      Defendant.   :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elliot Graiser makes claims on behalf a putative class of customers who purchased "Buy One Get One Free" glasses at Defendant Visionworks of America. Plaintiff alleges that representations associated with the buy one get one free offer violated Ohio's Consumer Sales Practices Act.

The case has been pending before the Cuyahoga County Court of Common Pleas since June 2014.[1] On July 25, 2014, Defendant Visionworks removed this case under a theory of diversity jurisdiction.[2] Defendant alleged that it met the amount-in-controversy requirement due to the cost in "develop[ing] and implement[ing] new pricing strategies" required to remedy Plaintiff's complaint as well as the statutory attorneys fees.[3] In January 2015, this Court remanded the case back to the Cuyahoga County Court of Common Pleas due to Plaintiff's lack of Article III standing.[4] In April 2015, Plaintiffs filed an amended complaint in state court.[5]

---

[1] Doc. 6-1.
[2] *Graiser v. Visionworks of America*, No. 1:14-cv-01641, Doc. 1 (N.D. Ohio July 25, 2014).
[3] *Id.*
[4] *Graiser v. Visionworks of America*, No. 1:14-cv-01641, Doc. 32 (N.D. Ohio Jan. 20, 2015).
[5] Doc. 1.

Case No. 1:15-CV-02306
Gwin, J.

On November 11, 2015, Defendant again removed the case to federal court. This time, Defendant removed under the theory of federal question jurisdiction under the Class Action Fairness Act ("CAFA").[6] Plaintiff challenges whether Defendant's removal under CAFA was timely.

Jurisdiction under CAFA requires showing that the amount in controversy exceeds $5 million. Defendant states that "in preparation for the October 29, 2015 mediation" Defendant applied its sales figures to the Plaintiff's theory of damages and determined, for the first time, that Plaintiff's sought "just over $5 million in damages."[7]

Plaintiff now moves to remand the case back to state court. Plaintiff provides a wide array of alternative theories why removal was improper. But the most persuasive is this: Defendant had thirty days to remove the case from the time the case became removable, and Defendant failed to do so.

The Amended Complaint was filed in April 2015. Defendant filed this notice of removal more than six months later in November 2015. Defendant claims that they only became aware of CAFA jurisdiction when running sales numbers in preparation for mediation on October 29, 2015. However, Defendant possessed its own sales data at the time the Amended Complaint was filed. Defendant was able to "ascertain" CAFA jurisdiction from that point forward.[8]

Plaintiff also raises persuasive arguments that, from the time of the April 2015 Amended

---

[6] *Id.*

[7] *Id.*

[8] Defendant submits an affidavit attesting that it could only ascertain that the amount in controversy was above $5 million when it ran its up-to-date sales numbers through October 15, 2015. Doc. 11-1. However, Defendant has never had the burden of proving the $5 million threshold to a legal certainty. Rather, Defendant's burden is to establish by a preponderance of the evidence that the amount in controversy would be greater than $5 million. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007). Given Visionworks' knowledge of its own sales data, this was possible from the time of the Amended Complaint or, at the very least, from the time Plaintiff provided his damages formula on September 18, 2015. *See* Doc. 11-1.

Case No. 1:15-CV-02306
Gwin, J.

Complaint, Defendant could have alternatively sought removal under diversity jurisdiction.

Under either theory, Defendant's removal is untimely. A notice of removal must "be filed within 30 days after receipt by the defendant . . . of an amended pleading . . . or other paper . . . from which it may first be ascertained that the case is one which is or has become removable."[9] To qualify for this reset of the time for removal, the statute requires that the initial pleading not have been removable.[10] Defendant has conceded this, despite its own earlier attempt at removal.[11] If it had not, then the time for removal would have certainly elapsed already.[12]

For these reasons, the Court **GRANTS** Plaintiff's motion to remand. The Court does not have jurisdiction. The Court **DENIES** Plaintiff's motion for attorney's fees as moot.

IT IS SO ORDERED

Dated: January 11, 2016                     s/         *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. 1446(b)(3).
[10] *Id.*
[11] Doc. 11 at 3-4.
[12] *See* Doc. 6 at 1.