UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ELLIOTT GRAISER,                                 :   Case No. 1:15-CV-2306
                                                 :
        Plaintiff,                               :
                                                 :
vs.                                              :   OPINION & ORDER
                                                 :   [Resolving Doc No. 35]
VISIONWORKS OF AMERICA, INC.,                    :
                                                 :
        Defendant.                               :
                                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Graiser represents a putative class of customers who purchased "Buy One Get One Free" glasses at Defendant Visionworks of America. Plaintiff sues Defendant Visionworks for violating Ohio's Consumer Sale Practice Act. The case was previously pending before the Cuyahoga County Court of Common Pleas, where the state court judge entered a protective order permitting the parties to file documents under seal.[1] Defendant then removed the case to federal court under the Class Action Fairness Act.[2] This Court did not approve a protective order.

    On June 20, 2016, Defendant filed its summary judgment motion under seal, redacting its sales figures in its public filings.[3] The Court *sua sponte* ordered that the filings be made public as the Court had issued no authority for a redacted filing.[4] Defendant now moves to "maintain its motion for summary judgment filed under seal"[5] Plaintiff opposes.[6] For the following

---

[1] Doc. 35-1.
[2] Doc. 35 at 1.
[3] Doc. 31.
[4] Doc. 34.
[5] Doc. 35.
[6] Doc. 36. Defendant replied. Doc. 37.

Case No.1:15-cv-2306
Gwin, J.

reasons Defendant's motion for leave to maintain its motion for summary judgment filed under seal is **DENIED.**

### I. Legal Standard

The Sixth Circuit has recently stated this Circuit's standard for keeping information under seal. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* involved allegations of price-fixing that affected millions of Michigan citizens who were members of the plaintiff class.[7] The parties had stipulated to a joint protective order for the purposes of discovery. Numerous court filings — including Plaintiffs' amended complaint, and the motion for class certification — were filed under seal because they contained materials designated as confidential under the protective order.[8]

The *Shane Group* Court held that these documents should not be filed under seal. A district court may enter a protective order during discovery on a mere showing of "good cause."[9] In contrast, when a district court approves sealing a filing, a much higher showing is required.

"Only the most compelling reasons can justify non-disclosure of judicial records."[10] There is a "strong presumption in favor of openness," of court records.[11] The burden of overcoming that presumption is borne by the party that seeks to seal the records.[12] This party

---

[7] ___ F.3d ___, No. 15-1544, 2016 WL 3163073 (6th Cir. June 7, 2016).
[8] *Id.* at *4.
[9] *Id.* at *3 (citing Fed. R. Civ. Pro. 26(c)(1)).
[10] *Id.* at *3 (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).
[11] *Id.* (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 at 1179 (6th Cir. 1983)).
[12] *Id.*

Case No.1:15-cv-2306
Gwin, J.

must show that "disclosure will work a clearly defined and serious injury."[13] Traditionally, financial information alone is not sufficient to meet this burden. Only "'trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . .' is typically enough to overcome the presumption of access."[14]

In *Shane Group*, the Sixth Circuit concluded that it was improper to file the documents under seal based on the district court's protective order. The Sixth Circuit also rejected the party's post hoc justifications. As relevant in the case at hand, the parties had argued that the documents contained "competitively-sensitive financial and negotiating information."[15] The Sixth Circuit pointed out that such "platitudes" did not allow the sealing proponent to meet its burden, particularly since the proponent never even argued that the financial information was a trade secret.

## II. Discussion

Visionworks has not met its burden justifying redaction of its sales figures. Visionworks has not identified a "clearly defined and serious injury." Instead, Visionworks writes that "Visionworks' competitors *may be* able to use this sales data in *an attempt* to seize Visionworks' market share."[16] Moreover, Visionworks has not alleged that the sales data is entitled to protection as a trade secret.

---

[13] *Id.* at *5 (citing *In re Cedent Corp.*, 260 F.3d 183 at 194 (3d Cir. 2001)).
[14] *Id.* at *5 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).
[15] *Id.* at *5.
[16] Doc. 35 at 3 (emphasis added).

Case No.1:15-cv-2306
Gwin, J.

Visionworks' efforts to distinguish *Shane Group* are unavailing.  Visionworks is correct that a class in this case has not yet been certified.  But the Sixth Circuit's reasoning did not depend on the certification of a class.[17]  Rather, the overwhelming presumption in favor of open courts drove the *Shane Group* decision.

Visionworks is also correct that it has narrowly tailored its redactions.  But even a narrowly-tailored infringement on open courts requires meeting the same burden, which Visionworks has not done here.[18]

---

[17] Moreover, the parties in this case opted for summary judgment prior to class certification. There is no indication at this time that a class could not ultimately be certified.

[18] Defendant Visionworks cites to several cases to support its claim that its sales figures should remain redacted.  Doc. 35.  Not only were these cases from other districts and before *Shane Group*, but each case is distinguishable because the documents placed under seal were more substantial than the sales data here. *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2013 WL 2452703, at *1 (E.D. Wis. June 5, 2013) (granting leave to seal documents containing historical sales and customer information, discussions of research and development expenditures, volume of sales, pricing information on accused products, and information regarding expenditures on research and development); *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting leave to seal "marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same."); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *2-3 (N.D. Cal. Apr. 27, 2012) (granting leave to seal one document "replete with sales data that is highly sensitive for KaVo" and portions of two documents that "contain both personnel information and sales information" to be sealed.); *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. CIV.A. 2:04-CV-1069, 2008 WL 4273084, at *2 (S.D. Ohio Sept. 11, 2008) (granting leave to seal portions of the transcript that reflect the plaintiff's partner's "undisclosed internal thought processes and evaluations of offers and negotiations, and testimony relating to plaintiff's private income and financial").

Visionworks also cites to a Supreme Court case on access to judicial records where the Court held that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589, 597 (1978).

-4-

Case No.1:15-cv-2306
Gwin, J.

This Court **DENIES** Defendant's motion to maintain its filing under seal. Defendant may either re-file the unredacted motion, or it may forego filing for summary judgment.

IT IS SO ORDERED.

Dated: July 5, 2016                             *s/    James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

Again, Visionworks has not met its burden — consistent with the Supreme Court's language — that there is any actual risk to Defendant's "competitive standing."