UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ELLIOTT GRAISER,                              :      Case No. 1:15-CV-2306
                                              :
        Plaintiff,                            :
                                              :
vs.                                           :      OPINION & ORDER
                                              :      [Resolving Doc No. 39]
VISIONWORKS OF AMERICA, INC.,                 :
                                              :
        Defendant.                            :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Graiser represents a putative class of customers who purchased eyeglasses at Defendant Visionworks while they were offering a "Buy One Get One Free" promotion.[1] Plaintiff sues Defendant Visionworks for violating Ohio's Consumer Sale Practice Act. In particular, Plaintiff alleges that the Defendant's buy-one-get-one-free eyeglasses deal violates Ohio's regulations on use of the word "free." Plaintiff maintains that the buy-one-get-one-free price is inflated, as evidenced by the 40% discount offered when a customer buys only one pair.

      Defendant moves for summary judgment, arguing that the buy-one-get-one-free price is the true price. Defendant says it charges vision insurance customers the buy-one-get-one-free price and the higher price charged customers with insurance should establish the true price.[2] Additionally, Defendants claim that Plaintiff Graiser cannot show actual or statutory damages.[3] Plaintiff opposes.[4]

---

[1] Doc. 40-1.
[2] Doc. 39.
[3] *Id.*
[4] Doc. 40. Defendant replies. Doc. 41.

Case No. 15-CV-2306
Gwin, J.

For the following reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment.

### I. Background

*i. Plaintiff Graiser's Purchase of Eyeglasses at Visionworks*

On April 30, 2014, Plaintiff Graiser went to a Visionworks store in Beachwood, Ohio, to purchase eyeglasses.[5] While there, he saw a sign advertising Visionworks' buy-one-get-one-free sale.[6] In the store, a salesperson quoted Graiser a price of $409.93 for eyeglasses, with a second pair "free."[7]

The Visionworks employee then told Graiser that Graiser could purchase a single pair for $245.95—the ostensible cost of a single pair of eyeglasses with a 40% discount.[8] Graiser did not accept the buy-one-get-one-free offer. Instead, Graiser purchased a single pair at the 40% discount.[9]

At deposition, Graiser testified that he believed he paid the "regular price" for a single pair of eyeglasses, even though it was advertised as 40% off list-price.[10] Graiser stated that the buy-one-get-one free price was "inflated" and that the sales clerk merely "claimed" that the price of a single pair was 40% off.[11] Graiser said that he never received a true 40% discount. Instead, he paid the "regular price."[12] Graiser testified that "it wasn't a good deal. It was tolerable."[13]

---

[5] Doc. 39-2 at 9.
[6] *Id.* at 9-10.
[7] *Id.* at 11-13.
[8] *Id.* at 14.
[9] *Id.* at 23-24.
[10] *Id.* at 89 ("Q: After you asked, you knew that you could buy a single pair of glasses at a 40 percent discount, correct? A: No, it's not a 40 percent discount, that's the regular price.")
[11] *Id.* at 86.
[12] *Id.* at 89.
[13] *Id.* at 114.

-2-

Case No. 15-CV-2306
Gwin, J.

*ii. Defendant Visionworks' Sales Practices*

Visionworks offers three tiers of pricing to different customers.[14] First, if a customer has vision insurance that covers at least part of the price, he is charged the full "list price"—$409.93 at the time Plaintiff Graiser went to a Visionworks. Visionworks sold 68,611 pairs of eyeglasses at this higher price applied to insured customers between June 24, 2012, and April 10, 2016. Second, if a customer is not paying with insurance, he is offered to buy-one-get-one-free at the full list price. Visionworks sold 27,280 pairs of eyeglasses in this tier during the same time period. Third, if a customer is not paying with insurance, and he does not want two pairs of eyeglasses, he is offered a single pair of eyeglasses with a 40% discount—$245.95 at the time Plaintiff Graiser went to Visionworks. Visionworks sold 4,125 pairs of eyeglasses in this tier during the same time period. Apparently, Visionworks refuses to give this discount if vision insurance is paying some of the charge.

*iii. Procedural History*

On June 24, 2014, Graiser filed a complaint in state court seeking an injunction under the Ohio Consumer Sales Practices Act.[15] He also sought to represent a state-wide class.[16]

---

[14] Doc. 39-1 at ¶¶ 4-6; Doc. 40-5; Doc. 40-6. Defendant appears to identify two other categories of customers who bought "frames, lenses, and a Clearshield" at the full list price with insurance and "frames, lenses, and a Clearshield" at the full list price without insurance under the buy-one-get-one-free promotion. Doc. 39-1 at ¶ 7. However, these sales numbers are comparatively small and in proportion to the rest of the sales numbers—570 and 72, respectively. The parties do not argue that these two categories alter the analysis. The Court agrees that they do not.

[15] Doc. 6-1 at 11.
[16] *Id.* at 8-10.

-3-

Case No. 15-CV-2306
Gwin, J.

On July 25, 2014, Defendant removed the case to federal court under diversity jurisdiction.[17] This Court remanded because Graiser did not show future injury that could support his Article III standing to seek an injunction.[18]

While back in state court, Cuyahoga County Court of Common Pleas Judge Barker ruled on the Defendant's motion for judgment on the pleadings.  Judge Barker issued an opinion concluding that Plaintiff Graiser did not have standing to seek an injunction, and that his class claims failed as a matter of law.[19]  However, Judge Barker concluded that Defendant Visionworks solicited Graiser into making a buy-one-get-one-free purchase, meaning that there was a consumer transaction sufficient to invoke Ohio's Consumer Sales Practices Act.  Judge Barker wrote:

> The Court finds that the sign at the Beachwood Mall entrance of Visionworks advertising the BOGO [buy-one-get-one-free] promotion ("the Sign"), combined with Visionworks' salesperson, Robert, approaching Plaintiff after he entered the store and quoting a price of $409.93 for a pair of glasses with a second pair to be "free" as per the Sign, constitutes solicitation as that term is used to define "consumer transaction" in R.C. 1345.01(A).[20]

Because Judge Barker dismissed Plaintiff's other claims, the court gave Plaintiff a chance to amend his complaint.  He did.[21]  In Count One of the Amended Complaint, Plaintiff alleged an Ohio Consumer Sales Practices Act violation based on Defendant's use of the word "free."  In particular, "the cost of the 'free' eyeglasses is passed on to the consumer by Visionworks' raising of the regular price of eyeglasses that must be purchased in order to receive the 'free' eyeglasses."[22]  In Count Two, Plaintiff alleged negligent misrepresentation under Ohio Law.[23]

---

[17] *Graiser v. Visionworks of America*, No. 1:14-cv-01641, Doc. 1 (N.D. Ohio).
[18] *Graiser v. Visionworks of America*, No. 1:14-cv-01641, Doc. 32 (N.D. Ohio).
[19] Doc. 41-2 at 5-7.
[20] *Id.* at 3.
[21] Doc. 40-1.
[22] *Id.* at ¶¶ 3, 18-24.
[23] *Id.* at ¶¶ 25-29.

-4-

Case No. 15-CV-2306
Gwin, J.

Defendant then filed a motion to dismiss the amended complaint. In relevant part, Defendant argued that Count One failed because Plaintiff Graiser could not show actual damages, and Count Two failed because Ohio's negligent misrepresentation law did not apply to consumer transactions.[24]  In a two-sentence journal entry, Judge Barker granted Defendant's motion as to Count Two, dismissing the negligent misrepresentation claim.[25]  In the same journal entry, Judge Barker denied the motion as to Count One.[26]

After Judge Barker's decisions, Defendant removed the case to federal court a second time under Class Action Fairness Act jurisdiction.[27] The operative complaint alleges the single cause of action: violation of Ohio's Consumer Protection Act based on Defendant's use of the word "free."  Defendant now moves for summary judgment on this claim, arguing that its sales are in compliance with Ohio law, and that Plaintiff Graiser cannot show injury.[28]

**I. Legal Standard**

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[29] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[30]  Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—

---

[24] **Error! Main Document Only.**Docket 14-828880, Cuyahoga Court of Common Pleas, May 21, 2015.
[25] Doc. 41-1.
[26] *Id.*
[27] Doc. 1.
[28] Doc. 39.
[29] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).
[30] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Case No. 15-CV-2306
Gwin, J.

showing a triable issue.[31] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[32] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[33]

When parties present competing versions of the facts on summary judgment, a district court adopts the non-movant's version of the facts unless the record before the court directly contradicts that version.[34] Otherwise, a district court does not weigh competing evidence or make credibility determinations.[35]

## II. Discussion

### i. Effect of Judge Barker's State Court Decisions

As a threshold matter, Plaintiff alleges that Judge Barker's earlier decisions on Defendant's motion for judgment on the pleadings and motion to dismiss establish the law of the case that is binding on this Court and precludes Defendant's arguments that Plaintiff has not shown injury. Plaintiff is incorrect.

"When an action is removed from a state court to a federal court, the law of the case doctrine applies to the decisions entered by the state court prior to removal."[36] However, as a general rule, a decision made at the pleading stage "does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery."[37]

---

[31] See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[32] *Id.* at 586.
[33] *Killion*, 761 F.3d at 580 (internal citations omitted).
[34] See *Scott v. Harris*, 550 U.S. 372, 380 (2007).
[35] *Koren v. Ohio Bell Tel. Co.*, 894 F. Supp. 2d 1032, 1037 (N.D. Ohio 2012) (citing *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 470 (6th Cir. 2012)).
[36] *McClusky v. Lake Hosp. Sys., Inc.*, 14-cv-519, 2015 WL 893360 (N.D. Ohio March 3, 2015) (quoting 18 Moore's Federal Practice § 134.22 [3][c][i] (3d ed. 1999)).
[37] *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 (6th Cir. 2000).

Case No. 15-CV-2306
Gwin, J.

Judge Barker's orders resolved Defendant's motion for judgment on the pleadings and motion to dismiss—both motions based on the pleadings rather than discovery. As a result, Judge Barker's ruling is not binding on this Court's summary judgment decision. This result is particularly compelling for two reasons. First, Judge Barker's conclusion that Defendant solicited Plaintiff was not the holding of the motion for judgment on the pleadings. And in the Sixth Circuit, the law of the case is limited to the earlier opinion's holding.[38] Second, Judge Barker's denial of Defendant's motion to dismiss Count One was done in a two-sentence journal entry with no attached opinion. This Court is not bound by a state court decision entered without an opinion at the pleading stage of the case.

*ii. Compliance with Ohio's Consumer Sales Practice Act and Ohio Administrative Code*

Defendant moves for summary judgment, arguing that it complied with the Ohio Administrative Code. Defendant Visionworks argues that it can show that its list price is the real price because it sold over 68,000 pairs of eyeglasses at the list price to customers who had insurance.

Ohio's Consumer Sales Practices Act prohibits unfair or deceptive acts or practices.[39] The Ohio Administrative Code defines with "reasonable specificity" the acts or practices that are unfair and deceptive.[40] The Ohio Administrative Code specifically prohibits "the practice of advertising or offering goods or services as 'free' when in fact the cost of the 'free' offer is passed on to the consumer by raising the regular (base) price of the goods or services that must

---

[38] *Id.* ("This court has confined the law-of-the-case doctrine to the mandate of the reviewing court's opinion and the portions of the opinion incorporated into the mandate.")
[39] Ohio Rev. Code § 1345.02.
[40] Ohio Admin. Code § 109:4-3-01(A)(2).

-7-

Case No. 15-CV-2306
Gwin, J.

be purchased in connection with the 'free' offer."[41]  Indeed, "in the absence of such a base price a 'free' offer is in reality a single price for a combination of goods or services offered, and the fiction that any portion of the offer is 'free' is inherently deceptive."[42]

Only the supplier's "regular price" for the goods or services may be used as the basis for a "free" offer."[43]  "Regular price" means the "price at which the goods or services are openly and actively sold by a supplier to the public on a continuing basis for a substantial period of time."[44]  Although somewhat tautological, the Ohio Administrative Code goes on say to that "a price is not a regular price if it is not the supplier's actual selling price."[45]

Here, Defendant maintains its full list price is the "regular price" for the purposes of the Ohio Administrative Code, meaning that its buy-one-get-one-free offer is in compliance with the Consumer Sales Practices Act.  Defendant points to its large volume of sales to insured customers at the full list price, arguing that the list price is thus sold "openly and actively" to the public.  Plaintiff responds that because this list price is limited to customers with insurance, it does not meet the Administrative Code's definition of list price.

Plaintiff has the better argument, and has met its burden of showing a genuine issue of material fact to be decided at trial.  Ohio's consumer law is expressly designed to prevent artificial price inflation that allows companies to market "free" products that are not, in fact, free.  Creating a "list price" that is only ever charged to customers with insurance may well be such an inflation.  Limiting the "list price" to a particular section of the public—in this case, individuals with vision insurance—means that a reasonable jury could find that the "list price" was "not the

---

[41] Ohio Admin. Code § 109:4-3-04(A).
[42] *Id.*
[43] Ohio Admin. Code § 109:4-3-04(E).
[44] Ohio Admin. Code § 109:4-3-04(F)(1).
[45] *Id.*

-8-

Case No. 15-CV-2306
Gwin, J.

supplier's actual selling price" and not "openly and actively sold by the supplier to the public."[46] Members of the public like Plaintiff Graiser, who did not have insurance, were being offered to buy-one-get-one-free at a purchase price they would apparently never have been charged in the first place. As a matter of law, Defendant cannot use the sales to insured customers—even if double the volume of sales to non-insured customers—to define the "regular price" for the purposes of the Ohio Administrative Code.

### iii. Graiser's Damages

Alternatively, Defendant argues that Graiser cannot show either actual damages or statutory damages and so cannot maintain a class action under Ohio Revised Code § 1345.09(B).[47] Defendant points out that Graiser never made a buy-one-get-one-free purchase, meaning he has not incurred actual damages.[48] Defendant then points out that to qualify for statutory damages, it must have had prior notice that its conduct was "deceptive or

---

[46] Ohio Admin. Code § 109:4-3-04(E).

[47] Defendant also raises an argument that the voluntary payment doctrine bars Plaintiff's recovery. Doc. 39 at 13-15. This argument is easily disposed of. Although Ohio recognizes the voluntary payment doctrine, it is limited to circumstances where individuals pay a liability that they were not, in fact, legally obligated to pay. *Consolidated Management Inc. v. Handee Marts, Inc.*, 671 N.E.2d 1304 (Ohio App. Ct. 1996). The voluntary payment doctrine is generally not applicable in consumer law contexts. Colin E. Flora, *Practitioner's Guide to the Voluntary Payment Doctrine*, 37 S. Ill. U. L.J. 91, 97, 113 (2012) ("The single biggest development in voluntary payment doctrine jurisprudence in decades has been the determination by a handful of courts that the voluntary payment doctrine is inapplicable to bar claims for repayment predicated upon the violation of a consumer protection statute.") (gathering citations). Defendant points to a Sixth Circuit case where a man paid $13.99 to refuel his rental car tank when his tank was already full. *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442 (6th Cir. 2012). The man then sued, saying that the $13.99 charge was improper. *Id.* at 443. The Sixth Circuit said that because the man had voluntarily paid the price with full knowledge that the tank was filled, his suit was barred by the voluntary payment doctrine. *Id.* at 445. In contrast, here, Graiser incurred the cost of his glasses and paid it, as he was legally obligated to do. He now brings this suit saying that the cost was wrongly calculated because the pricing scheme violated the Consumer Sales Practices Act. He does not allege that he did not owe money for the glasses at all. *Salling* does not control.

[48] Doc. 39 at 9.

-9-

Case No. 15-CV-2306
Gwin, J.

unconscionable."[49] Defendant argues that there has been no prior notice that advertising 40% off an allegedly inflated price is deceptive.[50]

As Plaintiff Graiser readily admits, he did not take the buy-one-get-one-free offer. Instead, he bought one pair of glasses for 40% off an allegedly inflated price. However, Graiser argues that the buy-one-get-one-free offer and the buy-one-for-40%-off offer are two sides of the same coin. On one side of the coin, the word "free" allowed Visionworks to artificially inflate the price of the eyeglasses to include the cost of the second pair. On the other side of the coin, use of the word "free" allowed Visionworks to artificially inflate the price of the eyeglasses and then advertise a 40% discount that merely brought the glasses down to their standard price.

The problem Plaintiff Graiser runs into is that Ohio's law does not treat these two transactions as two sides of the same coin. Instead, Ohio's Administrative Code offers detailed regulations of buy-one-get-one-free offers, laying out rules for inflated prices advertised with words like "free" and "bonus."[51] But the Code is silent on inflated prices being reduced with offers to take a certain percentage off.[52] Here, the 40% discount offer to the uninsured public is important to show why the full-price sales to the insured public could not determine the "regular price" for the buy-one-get-one-free offer. A single pair of eyeglasses sold to an insured customer

---

[49] Ohio Rev. Code § 1345.09(B); see *Ice v. Hobby Lobby Stores, Inc.*, No. 1:14CV744, 2015 WL 5731290, at *3 (N.D. Ohio Sept. 29, 2015); *Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051, 1055 (N.D. Ohio 2014). To state a claim under ORC § 1345.09(B), a plaintiff must allege that "a specific rule or regulation has been promulgated [by the Ohio Attorney General] under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive," or that "an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection." If a plaintiff cannot show prior notice, he is not entitled to statutory damages.

[50] Doc. 39 at 15-17.

[51] Ohio Admin. Code § 109:4-3-04.

[52] Ohio does regulate price comparisons. Ohio Admin. Code § 109:4-3-12. However, this regulation "deals only with out-of-store advertisements." *Id.* Visionworks stated that "40% OFF is un-advertised and [Visionworks stores] will not receive signage." Doc. 40-6 at 3. Indeed, Graiser received notice of the 40%-off offer verbally in the store. Doc. 39-2 at 14. Graiser has not made any allegations that his claim is governed by § 109:4-3-12.

-10-

Case No. 15-CV-2306
Gwin, J.

was a different price than a single pair of eyeglasses sold to an uninsured customer. But the 40% offer is not itself a violation of the Ohio Administrative Code's regulations of the word "free." Ohio law treats these transactions as distinct. This Court will as well.

Graiser never made a buy-one-get-one-free purchase. He may have been *solicited* to make a buy-one-get-one-free purchase.[53] But he does not allege actual damages based on a solicitation for an offer he never took.[54]

Graiser did make a buy-one-for-40%-off purchase. However, this is not a violation of the Ohio Administrative Code sections that are the basis of Graiser's lawsuit.

As a result, Graiser has not shown a viable theory for actual damages. Putative class action plaintiffs like Graiser must prove actual damages under Ohio's Consumer Sales Practices

---

[53] Although this Court is not bound by the Judge Barker's decisions, this Court agrees with the reasoning laid out by the state court on this point. Namely, Ohio's Consumer Sales Practices Act prohibits unfair or deceptive acts or practices in a "consumer transaction." Ohio Rev. Code § 1345.02(A). A "consumer transaction" includes both "sales" and "solicitations." By entering the store after seeing the buy-one-get-one-off sign, inquiring about the purchase, and then choosing the 40% option, Graiser was "solicited" within the meaning of the Consumer Sales Practices Act. *Ferron v. Dish Network, LLC*, 961 N.E.2d 705 (Ohio App. Ct. 2011) (finding that solicitation should be given its standard meaning in construing the Consumer Sales Practices Act).

[54] The Court need not address Defendant's secondary argument that Graiser cannot show actual damages because he says he paid the "regular price" for the glasses. In making this argument, Defendant has stepped into an apparent disagreement among state and federal courts addressing consumer protection laws. Some courts maintain that consumers are entitled to the benefit-of-the-bargain when they purchase artificially inflated items that are subsequently discounted or offered for buy-one-get-one free. *See, e.g.*, *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc* (July 8, 2013). Under this theory, Plaintiff Graiser suffered actual damages based on the difference between 40% off the true price, and 40% off the inflated price. Plaintiff Graiser appears to anticipate this theory of damages. In his deposition, he indicates that he paid the "regular price" rather than what he should have gotten: 40% off the regular price. Other courts disagree with this approach, finding that because the consumer willingly paid the price, regardless of how it was inflated and then discounted, there are no actual damages. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014) (citing *Kim v. Carter's Inc.*, 598 F.3d 362, 365-66 (7th Cir. 2010)); *Ice*, No. 1:14CV744, 2015 WL 5731290, at *7; *Johnson v. Jos. A. Bank Clothiers, Inc.*, No. 2:13-CV-756, 2014 WL 64318, at *9 (S.D. Ohio Jan. 8, 2014). The Court need not resolve this dispute at this time. Graiser has not shown actual damages for being solicited for the buy-one-get-one-free offer. And his buy-one-for-40%-off transaction is not cognizable under the Ohio Administrative Code's sections regulating use of the word "free."

-11-

Case No. 15-CV-2306
Gwin, J.

Act.[55] He has not done so. Defendant Visionworks is entitled to summary judgment on Graiser's class claim.

The remaining question is whether Graiser can show statutory damages.

Graiser has not shown any prior notice of a violation caused by a verbal offer to buy goods at 40% off an allegedly inflated price. The Ohio Administrative Code does not regulate the practice, and there are no public findings by an Ohio state court that the practice is deceptive.[56]

As a result, Graiser cannot show statutory damages for buying the glasses at 40% off an allegedly inflated price.

However, Graiser has shown prior notice of the buy-one-get-one free code violation since the relevant Ohio Administrative Code section offers quite detailed regulations prohibiting inflated prices on buy-one-get-one-free offers.[57] As an individual plaintiff, he may be able to show statutory damages for being solicited to make a buy-one-get-one-free offer, if a jury determines that the buy-one-get-one free offer was in fact in violation of the Ohio Administrative Code.

### IV. Conclusion

In summary, the Court finds that there remains a triable issue of material fact, namely, whether the buy-one-get-one-free offer was made at the "regular price" for the purposes of the Ohio Administrative Code. However, because Graiser merely made the 40% off purchase, not

---

[55] *Konarzewski v. Ganley, Inc.*, No. 92623, 2009 WL 3649787 (Ohio App. Ct. Nov. 5 2009).

[56] Many of the thirty matters to which Graiser cites in his amended complaint are either consent decrees or declaratory judgments. The Court does not find persuasive the argument that the remaining published decisions discuss offers to take a certain percentage off an allegedly inflated price. *See Ice*, No. 1:14CV744, 2015 WL 5731290, at *3-4 (discussing and distinguishing the same opinions in a similar context).

[57] Ohio Admin. Code § 109:4-3-04.

Case No. 15-CV-2306
Gwin, J.

the buy-one-get-one-free purchase, he has not shown a viable theory of actual damages and he cannot maintain a class claim. As an individual plaintiff, Graiser may be able to prove statutory damages for being solicited for a buy-one-get-one-free offer. But he may not prove statutory damages on the 40% off purchase, because Defendant had no prior notice that its 40% offer may violate Ohio law.

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: August 17, 2016.  　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE