UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| ELLIOTT GRAISER, | Case No. 1:15-CV-2306 |
| Plaintiff, |  |
| vs. | OPINION & ORDER |
|  | [Resolving Docs. 43, 46, 47, 48, 49] |
| VISIONWORKS OF AMERICA, INC., |  |
| Defendant. |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elliot Graiser represents a putative class of customers who purchased eyeglasses at Defendant Visionworks during a "Buy One Get One Free" ("BOGO") promotion.[1] Graiser sued Visionworks for violating Ohio's Consumer Sale Practice Act.

Defendant Visionworks moved for summary judgment, arguing that Plaintiff Graiser did not suffer actual damages because he never bought glasses through the BOGO promotion.[2] This Court agreed and granted summary judgment to the Defendant because putative class plaintiffs must suffer actual damages to sue under Ohio's Consumer Sale Practice Act.[3]

Now, Plaintiff Graiser moves to remove himself from the lawsuit, substitute Karen Poteat as the new lead plaintiff for the putative class, and amend the putative class to include only individuals who bought glasses through Defendant's BOGO promotion.[4] Defendant

---

[1] Doc. 40-1.
[2] Doc. 39.
[3] Doc. 42.
[4] Doc. 43.

Case No. 15-CV-2306
Gwin, J.

Visionworks opposes.[5] Both parties raise questions about this litigation's schedule moving forward.[6]

## I. Legal Standard

A plaintiff seeking leave to amend its pleading after the "deadline passes . . . first must show good cause under [Federal Rule of Civil Procedure] 16(b)."[7] "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements."[8] "Another relevant consideration is possible prejudice to the party opposing the modification."[9]

Once a plaintiff shows good cause, a court may grant a plaintiff leave to amend its pleading under Rule 15(a)(2).[10] The rule specifies that "[t]he court should freely give leave when justice so requires."[11] This lenient standard furthers the general policy of deciding cases on their merits rather than on procedural technicalities.[12] "In general, the Sixth Circuit is very liberal in permitting amendments."[13]

Leave to amend should be granted so long as amending will not cause "undue prejudice to the opposing party."[14] "Delay by itself is not sufficient reason to deny a motion to amend."[15] Instead, courts look to whether there is also a showing of "significant" prejudice.[16] For instance,

---

[5] Doc. 49.
[6] Docs. 43, 46, 47, 48, 49.
[7] *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).
[8] *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)* (internal citations omitted).
[9] *Id.* (citing *Bradford,* 249 F.3d at 809) (internal citations omitted).
[10] Fed. R. Civ. P. 15(a)(2).
[11] *Id.*
[12] *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (internal citation omitted).
[13] *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 550 (S.D.Ohio 1998) (citations omitted), aff'd *190 F.3d 729 (6th Cir. 1999).
[14] *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).
[15] *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994) (quoting *Head v. Jellico Housing Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989)
[16] *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

-2-

Case No. 15-CV-2306
Gwin, J.

delaying amendment without any justification until after the close of discovery and filing of summary judgment prejudices a defendant.[17] Forcing a defendant at a late stage in the case to respond to entirely new claims with entirely new defenses is also prejudicial.[18]

## II.     Analysis

This Court set June 2, 2016, as the deadline for amending pleadings. Plaintiff Graiser says that he showed diligence in attempting to meet this deadline by filing his motion to amend only five days after this Court ruled he did not suffer actual damages.[19] The Plaintiff also insists that amending his pleading will not prejudice Visionworks.[20] He argues that substituting Ms. Poteat for Mr. Graiser promotes judicial economy because it avoids Ms. Poteat filing a separate, identical putative class action should this court withhold leave to amend.[21]

Defendant Visionworks counters that Graiser fails to show "good cause" for amending his pleading after the scheduling order's deadline.[22] Visionworks says that granting Graiser leave to amend is prejudicial because Visionworks has crafted a defense specific to Graiser[23] and because the litigation is too far along.[24] Defendant emphasizes that the deadline for summary judgment and expert reports has passed, giving it insufficient time to prepare for trial should this court grant the Plaintiff leave to amend.

Although it is a close call, Defendant Visionworks's arguments lose.

The Defendant will not suffer significant prejudice from the Plaintiff's amendments. The fundamental issue in this case is whether Visionworks's BOGO promotion violated Ohio's

---

[17] *See, e.g.*, *id.* at 834.
[18] *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973).
[19] Doc. 43 at 6.
[20] *Id.*
[21] *Id.* at 5.
[22] Doc. 49 at 7–9.
[23] *Id.* at 8.
[24] *Id.* at 7–9.

-3-

Case No. 15-CV-2306
Gwin, J.

Consumer Sale Practice Act. Visionworks briefed this issue in its motion for summary judgment.[25] Swapping in Ms. Poteat as lead plaintiff and narrowing the putative class to include only customers who bought glasses during the BOGO promotion focuses the litigation on this fundamental issue. Consequently, it is not too late in the process to grant the Plaintiff's motion to amend, nor does granting the motion require the Defendant to respond to entirely new claims. Additionally, granting the motion promotes judicial economy by avoiding the filing of a separate, identical putative class action against Visionworks.

Therefore, this Court grants Plaintiff Graiser leave to remove himself from the lawsuit, substitute Karen Poteat as the new lead plaintiff for the putative class, and amend the putative class to include only individuals who bought glasses through Defendant's BOGO promotion.

Both parties raise questions about dates moving forward. Trial remains set for December 5, 2016. This Court gives the Defendant three weeks from this order to take Ms. Poteat's deposition and to request additional discovery. The Defendant may use up to three hours when taking Ms. Poteat's deposition. This Court also grants the parties' request for a 60-day extension to serve expert reports.

Finally, Defendant Visionworks argues that Ms. Poteat cannot show actual damages from the BOGO promotion, so she too is unfit to represent the class.[26] Visionworks has until October 7, 2016, to file for summary judgment on this matter. Plaintiff has until October 17, 2016 to oppose. The Defendant's reply is due October 24, 2016. The Court reminds the Plaintiff that any future Rule 15 motion will require a progressively greater showing as trial draws closer.

---

[25] Doc. 39 at 7–8; Doc. 41 at 2–8.
[26] Doc. 49 at 12–14.

-4-

Case No. 15-CV-2306
Gwin, J.

For the foregoing reasons, this Court **GRANTS** the Plaintiff's Rule 15 motion for leave to amend.

**IT IS SO ORDERED.**


Dated: September 12, 2016.              *s/      James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE